**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BSG TECH LLC,**<br><br>                     Plaintiff,<br>v.<br><br>**RAKUTEN USA, INC.,**<br><br>                     Defendant. | CIVIL ACTION NO. 2:16-cv-532<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BSG Tech LLC files this Original Complaint for Patent Infringement against Rakuten USA, Inc., and would respectfully show the Court as follows:

**I.  THE PARTIES**

1.  Plaintiff BSG Tech LLC ("BSG" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 555 Republic Drive, Suite 274, Plano, TX 75074.

2.  On information and belief, Defendant Rakuten USA, Inc. ("Defendant"), is a Delaware corporation with its place of business at 1 Cambridge Center, 9th Floor, Cambridge, MA 02142.

**II.  JURISDICTION AND VENUE**

3.  This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to its substantial business in this forum, including at least a portion of the infringements alleged herein.

5. Without limitation, on information and belief, within this state, Defendant has made and/or used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its interactive website accessible from the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has sufficient contacts with the State of Texas and this District such that this Court is a fair and reasonable venue for the litigation of this action. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this District for at least the reasons identified above, including due at least to its interactive website accessible within the State of Texas and from this District.

7.      For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III. COUNT I
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,035,294)

8.      Plaintiff incorporates the above paragraphs herein by reference.

9.      On March 7, 2000, United States Patent No. 6,035,294 ("the '294 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '294 Patent is titled "Wide Access Databases and Database Systems." A true and correct copy of the '294 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10.     BSG is the assignee of all right, title and interest in the '294 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '294 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '294 Patent by Defendant.

11.     The '294 Patent has been cited as prior art during the prosecution history of many subsequently-issued United States patents, including patents assigned to IBM, Bellsouth Intellectual Property Corp., Accenture LLP, SAP, AG, Google Inc., and The Nielsen Company.

12.     **Direct Infringement.**  Upon information and belief, Defendant has been and now is directly infringing at least claim 10 of the '294 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising making and/or using one or more websites that include reviews functionality including without limitation the website at www.rakuten.com and associated subsites, web pages and functionality within that website (the "Accused Instrumentality"), which perform a method of indexing an item on a database, comprising providing a database with a structure having a plurality of item classifications (*e.g.,* computer & office, laptop

& desktop, notebook), parameters (*e.g.,* star-rating bars, reviews, value, ease of use, performance, helpful/not helpful), and values (*e.g.,* number of stars overall, number of starts for value/ease of use/performance, particular reviews, helpful/not helpful), wherein individual parameters are independently related to individual item classifications, and individual values are independently related to individual parameters; guiding the user in selecting a specific item classification for the item from the plurality of item classifications (*e.g.*, through using check boxes, links, or menus); storing the item on the database as a plurality of user selected item classification/parameter value combinations; and guiding the user in selecting at least one of (a) the parameters of the combinations by displaying relative historical usage information for a plurality of parameters previously used by other users, and (b) the values of the combinations by displaying relative historical usage information for a plurality of values previously used by other users.  Relative historical usage information includes number of reviews, sort by helpfulness, average star value for overall, value, ease of use, performance, number of ratings per star value, and sort by rating.

### IV.  COUNT II
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,195,652)

13. Plaintiff incorporates the above paragraphs herein by reference.

14. On February 27, 2001, United States Patent No. 6,195,652 ("the '652 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '652 Patent is titled "Self-Evolving Database and Method of Using Same." A true and correct copy of the '652 Patent is attached hereto as Exhibit B and incorporated herein by reference.

15. BSG is the assignee of all right, title and interest in the '652 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times

against infringers of the '652 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '652 Patent by Defendant.

16. The '652 Patent has been cited as prior art during the prosecution history of many subsequently-issued United States patents, including patents assigned to Amazon.com, Inc., Lycos.com, Hewlett-Packard Development Company, L.P., IBM, Charles Schwab & Co, Inc., Texas Instruments Corp., Oracle International Corp., and Google Inc.

17. **Direct Infringement.** On information and belief, Defendant has been and now is directly infringing at least claim 9 of the '652 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by actions comprising making and/or using one or more websites that include reviews functionality including without limitation the Accused Instrumentality, which are a self-evolving database system having a predefined structure, comprising a data structure that stores goods and services as combinations of item classifications, parameters, and values, wherein at least some of the classifications, parameters, or values used to describe different items vary over time, where end users can add additional parameters (*e.g.*, add star-rating bar associated with new review, reviews for helpfulness) without modifying the predefined structure of the database; and at least one data interface that guides the end users in their choices of the combinations by displaying summary comparison usage information derived from the choices of previous users. Summary comparison usage information includes number of reviews, sort by helpfulness, average star value for overall, value, ease of use, performance, number of ratings per star value, and sort by rating.

## V. COUNT III
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,243,699)

18. Plaintiff incorporates the above paragraphs herein by reference.

19. On June 5, 2001, United States Patent No. 6,243,699 ("the '699 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '699 Patent is titled "Systems and Methods of Indexing and Retrieving Data." A true and correct copy of the '699 Patent is attached hereto as Exhibit C and incorporated herein by reference.

20. BSG is the assignee of all right, title and interest in the '699 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '699 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '699 Patent by Defendant.

21. The '699 Patent has been cited as prior art during the prosecution history of many subsequently-issued United States patents, including patents assigned to IBM, Palm, Inc., SAP AG, and Microsoft Corporation.

22. **Direct Infringement.** On information and belief, Defendant has been and now is directly infringing at least claim 1 of the '699 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by actions comprising making and/or using one or more websites that include reviews functionality including without limitation the Accused Instrumentality, which perform a method of indexing and retrieving data being posted by a plurality of users to a wide area network, comprising providing the users with a mechanism for posting the data as parametized items; providing the users with listings of previously used parameters and previously used values for use in posting the data; providing the users with summary comparison usage information corresponding to the previously used parameters and values for use in posting the data; and providing subsequent users with the listings of previously used parameters and values, and corresponding summary comparison usage information for use in searching the network for an item of interest.

23. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '294 patent, the '652 patent, and the '699 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24. On information and belief, Defendant will continue its infringement of one or more claims of the '294 patent, the '652 patent, and the '699 patent unless enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

25. On information and belief, Defendant has had at least constructive notice of the '294 patent, the '652 patent, and the '699 patent by operation of law, and there are no marking requirements that have not been complied with.

## VI. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,035,294 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that one or more claims of United States Patent No. 6,195,652 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c. Judgment that one or more claims of United States Patent No. 6,243,699 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

d. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

e. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

g. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent Nos. 6,035,294, 6,195,652, and 6,243,699; and

h. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 19, 2016

Respectfully submitted,

*/s/ David R. Bennett*

By: David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail: dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF
BSG TECH LLC**